```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA


BOARD OF REGENTS OF THE           )
UNIVERSITY OF NEBRASKA,           )
                                  )
               Plaintiff,         )      4:04 CV 3356
                                  )
        v.                        )
                                  )
                                  )
BASF CORPORATION,                 )      MEMORANDUM AND ORDER
                                  )
               Defendant.         )
```

Defendant has filed a motion to compel the production of four categories of documents withheld from discovery by the plaintiff. Voluminous materials have been filed both in support of and in opposition to the motion, all of which I have reviewed. These materials do not identify which of the defendant's requests for discovery are the subject of the motion.

The local rules require a designation of which discovery requests (or responses) are being challenged:

> A discovery motion shall include in the text of the motion or in an attachment a verbatim recitation of each interrogatory, request, answer, response, and objection that is the subject of the motion.

NECivR 7.1(i)(2). No such designation has been filed. Instead, defendant has grouped several categories of documents without identifying specifically the responses that it claims are deficient.

While the letters between counsel and the "Revised Privilege Log" go some distance in identifying the actual subjects of this dispute, the failure to designate specific responses makes it

extremely difficult to "track" the arguments of counsel (which also do not identify any specific responses), because the exchange of letters between counsel also do not refer to any specific responses, and plaintiff's position on the defendant's requests has changed through the letters and a revised privilege log.  In fact, the latest version of plaintiff's privilege log appears to conflict with the plaintiff's counsel's letter of  The failure also makes it impossible for the court to order supplemental answers to any particularized interrogatory or request for production, should defendant's motion be granted. While I speculate that the categories of "documents and information" which are requested by the defendant in its motion are a combination of several of the plaintiff's responses, I am guessing; From the revised privilege log I think I know what is covered, but without specifics cannot be sure.  Counsel will be given an opportunity to clarify.

    IT THEREFORE HEREBY IS ORDERED:  The parties are given FIVE business days in which to confer further about their specific disagreements and to advise the court of the specific responses that are the subject of defendant's motion to compel.

    DATED January 11, 2006

                                        BY THE COURT:

                                        s/ *David L. Piester*
                                        United States Magistrate Judge

2