```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, | ) ) ) | |
| Plaintiff, | ) ) | 4:04CV3356 |
| v. | ) ) | |
| BASF CORPORATION, | ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

Plaintiff has filed an objection under NECivR 45.1 to Defendant's Notice of Intent to Issue Subpoena, to which BASF has now responded. The basis of the objection is that until the court decides the pending motion for intervention, the deponent-- who is no longer an employee of the plaintiff--should not have his deposition taken, because if the intervention is granted, the intervenor will undoubtedly want to take its own deposition of him. That, plaintiff argues, would place an unnecessary burden on the deponent.

Defendant counters that the deponent should at least be required to produce the documents requested by the subpoena (to which the plaintiff has not objected), even if the deposition itself does not go forward at this time, and, in any event, counsel for the parties may agree to allow counsel for Monsanto to participate in the deposition. There is no indication that they have so agreed, however.

Although the deponent may be informally aligned with the plaintiff, he remains a stranger to this action. Because defendant has not yet served the proposed subpoena on the deponent, the provisions of Fed. R. Civ. P. 45(c) have not yet

been triggered.  Thus, the fact that plaintiff has not objected to the production request does not foreclose the possibility of the deponent objecting after the subpoena if issued, is served. Fed. R. Civ. P. 45(c)(2)(B).

Likewise, because Monsanto's motion to intervene has not been resolved, it is not a party.  Therefore, it was not an "adverse party" under NECivR 45.1 entitled to notice of defendant's intention to issue the subpoena, and hence, it was not entitled or required to object to the defendant's notice.  In addition, although not required, it apparently was not served with a copy of the notice of intent to issue subpoena, as the certificate of service for neither the objection nor the response indicates service on Monsanto or its counsel.  If the motion to intervene is granted, it too will yet have an entitlement to notice and to object to any notice given.

I shall sustain the plaintiff's objection.  The fact that either the deponent or Monsanto or both may yet object to the production of documents requested in the subpoena makes it inappropriate to order their production now.  In addition, as Monsanto may well have separate interests and inquiries, it likely would not be content to rely on only the information adduced by plaintiff and defendant in any deposition of Mr. Carlson taken now; therefore, it would be inappropriate to burden the deponent with the possibility of two depositions when that can be avoided.  Finally, as pointed out in the defendant's recent motion for extension of time to respond to Monsanto's motion to intervene, filing 65, the parties and Monsanto are exploring a global settlement which, of course, if successful, would obviate the need for the court's involvement at all.

IT THEREFORE HEREBY IS ORDERED:

The Objection to Defendant's Notice of Intent to Issue Subpoena, filing 63, is sustained. Neither the deposition nor the production of documents sought by the proposed subpoena shall take place until after the court has resolved the pending motion for intervention filed by the Monsanto Company, filing 55.

DATED this 23rd day of March, 2006.

                              BY THE COURT:

                              s/ *David L. Piester*
                              David L. Piester
                              United States Magistrate Judge