IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, | ) ) ) | |
| Plaintiff, | ) ) | 4:04 CV 3356 |
| v. | ) ) ) | |
| BASF CORPORATION, | ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

Monsanto Company has filed a motion to intervene as a party plaintiff in this case. The plaintiff has informed the court that it does not oppose the motion. Defendant, however, does oppose it, and has filed evidence in opposition to it, as well.

A general statement of the facts of this controversy is set forth in my memorandum and order of January 26, 2006 (filing 56) and will not be repeated here. The parties have amply briefed the issues and thoroughly informed the court on the dispute. I conclude that the motion to intervene should be granted.

The matter of intervention is addressed by <u>Fed. R. Civ. P.</u> 24. That provision allows intervention as of right, and permissive intervention. BASF raises a number of objections to the proposed intervention.

First, BASF claims the interests of Monsanto in this litigation are identical to those of the plaintiff, and therefore, Monsanto's interests are already "adequately represented" as that phrase is used in Rule 24(a). I disagree. Although the interests of the two entities are sufficiently alike to align Monsanto as an intervening plaintiff, the evidence

before me indicates that plaintiff does not have the same incentives as does Monsanto.  Economically, the plaintiff stands to gain more if Monsanto is the holder of the exclusive license and patent than if BASF holds them, but plaintiff will gain something either way.  Monsanto stands to gain much more than the plaintiff ever would.  Monsanto's interest is substantial.  In addition, legal entitlement to the "know-how, inventions, and resulting patents" which are the subject of the contracts may lead to future profitable discoveries in which the plaintiff would have no interest at all.  While obviously such a prospect is speculative, it is apparent from the amounts of money Monsanto is to pay under its contract with the plaintiff that Monsanto is willing to risk losing substantial sums to gamble on that chance, that is, the opportunity itself has a present value.  Further, while the plaintiff's complaint seeks only declarative relief, the defendant's counterclaims seek injunctive relief that would impair Monsanto's rights under its contract with plaintiff.  If plaintiff loses this case, there is no reason to risk a subsequent action by Monsanto against the plaintiff for breach of contract when all interests can be heard and resolved in one case.  Finally, the real dispute in the sphere of this intellectual property--who gets the "know-how, inventions, and resulting patents"--appears to be between the defendant and Monsanto; fairness dictates that Monsanto be given a place to assert its interests.

BASF contends that Monsanto has no Article III standing to be a party in this case.  The Eighth Circuit Court of Appeals has required standing in order to intervene as a matter of right. Planned Parenthood v. Ehlmann, 137 F.3d 573 (8th Cir. 1998) citing Mausolf v. Babbitt, 85 F. 3d 1295, 1299 (8th Cir. 1996).  Standing has been defined as an "injury in fact," consisting of an "invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent."

Id. at 577, quoting Lujan v Defenders of Wildlife, 504 U.S. 555, 560 (1992).  If BASF prevails in this lawsuit, Monsanto's right to an "exclusive" license in the intellectual property at stake would be diluted to a non-exclusive license.  In addition to giving rise to a breach-of-contract claim against the plaintiff, I think it is apparent that such a result would, at a minimum, reduce the monetary value of its opportunity to pursue developing the applicable gene(s) into a marketable product.  At this time Monsanto can protect the value of its contracted-for license and opportunity only by defeating BASF's claimed interest in the same property; that can be done only in this lawsuit.  Monsanto has Article III standing.

   BASF also argues that Monsanto did not have standing at the time this case was commenced, because Monsanto's interest, if any, did not arise until after the case was filed, November 17, 2004.  However, the counterclaims of BASF were not filed until April 6, 2005 and the University's licensing contract with Monsanto was created on January 12, 2005.  Monsanto has adequately explained the delay, and, considering the totality of the circumstances, I agree that the delay in seeking intervention until after the filing of the counterclaims does not defeat the motion.

   BASF further contends that Monsanto's motion to intervene is untimely.  The case, despite having been filed in November, 2004, is still in its early stages.  The parties have exchanged written discovery, but I earlier sustained a motion to quash concerning the deposition of a key witness so as to delay it until this motion is resolved.  See Filings 63, 67, and 68.  The case was delayed further for the resolution of defendant's motion to compel, which occasioned a joint motion for extension of time and suspension of other deadlines.  Filings 43 and 44.  Further, as pointed out by Monsanto, the resolution of this motion has been

delayed on the defendant's three motions for extensions of time (filings 57, 61, and 65), from February 13, 2006 to April 10, 2006; however, those extensions were also the result of settlement discussions among the plaintiff, BASF, and Monsanto between September and December, 2005.  See, filing 65 and Filing 73, Exhibit 2, para. 9-10.  The case has not progressed to the point that Monsanto cannot get "up to speed" promptly, without causing much delay.  The application to intervene was timely made.

Finally, BASF argues that it would be prejudiced by the granting of the motion in two ways.  First, BASF argues that its lead counsel, Kirkland and Ellis, may have to withdraw or be disqualified as a result of its previous representation of Monsanto.  I do not consider this prejudicial to BASF, as there has been no determination that a conflict exists, nor that withdrawal or disqualification will be necessary, nor that another law firm could not ably protect BASF's interests in this case, and there is no evidence before the court on these questions.  Moreover it would seem that if a non-waivable conflict of interest exists, it exists whether or not Monsanto is formally a party in this case.

Second, BASF argues it would be prejudiced by the prospect of being required to disclose in discovery its proprietary information about its research and trade secrets concerning dicamba-resistant crop technologies.  While obviously a concern for both Monsanto and BASF, such an eventuality is not insurmountable through protective orders or otherwise.  I do not see this as prejudicial to either BASF or Monsanto.

I conclude that the objections of BASF are without merit, and that Monsanto is entitled to intervene as of right pursuant to <u>Fed. R. Civ. P.</u> 24(a).  In the alternative, however, I shall

grant its motion for permissive intervention pursuant to Rule 24(b).  It is clear that the claims of Monsanto have "questions of law or fact in common" with the principal claims and counterclaims.  As noted earlier (and as apparently at least tacitly recognized by all three of these entities by their joint involvement in earlier settlement discussions), fairness dictates that this dispute should be resolved with all interested parties participating.

IT THEREFORE HEREBY IS ORDERED:

1.  The motion of Monsanto Company to intervene, filing 55, is granted.

2.  Monsanto shall be named as an Intervening Plaintiff in the captions of future pleadings.

3.  Intervening plaintiff may file its complaint in intervention forthwith.

4.  Once the pleadings have closed with respect to the complaint in intervention, or by July 10, 2006, whichever first occurs, counsel shall confer and inform the undersigned of their joint, or if necessary, separate views on the matters required to be addressed by Fed. R. Civ. P. 26(f) and any other matters appropriate to the scheduling and preparation of the case, the presentation of evidence, protective orders, and any particulars that should be included in a progression order, together with their estimates of when this case may realistically be ready for trial.  In the event counsel desire a conference with the undersigned on these subjects, request therefor may be made by telephoning chambers.

DATED May 11, 2006

BY THE COURT:

s/ *David L. Piester*
United States Magistrate Judge

5