IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA )<br><br>Plaintiff, ) | Case Number 4:04cv3356 |
| v. ) | |
| BASF CORPORATION )<br>Defendant, ) | |
| MONSANTO COMPANY )<br>Intervening Plaintiff, ) | |
| and ) | |
| SYNGENTA CROP PROTECTION, INC. )<br>Intervening Defendant. ) | |

**<u>STIPULATED PROTECTIVE ORDER</u>**

1

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by agreement and stipulation of counsel representing plaintiff Board of Regents of the University of Nebraska ("Board"), defendant BASF Corporation ("BASF"), intervening plaintiff Monsanto Company ("Monsanto"), and intervening defendant Syngenta Crop Protection, Inc. ("Syngenta") in this action (individually referred to as a "party" or collectively as "the parties"), and for good cause shown, IT IS HEREBY ORDERED THAT:

1.  Any document, or portion thereof, and any other form of evidence or discovery that can be protected under Fed. R. Civ. P. 26(c) which, in the good faith opinion of the party providing such discovery (the "Producing Party"), constitutes or contains any trade secret or other confidential research, development or commercial or proprietary information, and all information derived therefrom, may be designated by the Producing Party as "Confidential Information". All information designated as "Confidential Information" shall be protected, used, handled and disposed of by another party or non-party in this action ("Receiving Party") strictly in accordance with the provisions of this Order.

2.  Information is subject to this Protective Order as follows:

> a.  With respect to documents or copies provided by one party to the other, by marking the initial page and the page or pages on which any Confidential Information appears with the legend "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL" or the substantial equivalent thereof. The designation "RESTRICTED CONFIDENTIAL" shall be limited to financial information; any post-November 2002 business, marketing, research or development activities; and non-public correspondence with the United States Patent Office or any foreign patent office. Documents and things produced

2

without such a legend designating material confidential shall not be Confidential Information subject to this Protective Order unless otherwise agreed by the parties, ordered by the Court, or otherwise designated as Confidential Information in accordance with Paragraph 3 of this Protective Order.

        b.    All testimony or information disclosed at a deposition, including deposition exhibits, will be treated as RESTRICTED CONFIDENTIAL for twenty-one (21) days from the day the Producing Party receives the final deposition transcript.  At the expiration of the twenty-one day period, the transcript will no longer be treated as Confidential Information unless: (a) at the deposition, counsel for the Producing Party identifies that the deposition transcript contains Confidential Information and/or specifically identifies portions of the deposition transcript to be designated as "RESTRICTED CONFIDENTIAL"; or (b) prior to expiration of the twenty-one (21) day period, counsel for the Producing Party provides written notice to counsel for the Receiving Party identifying that the transcript contains Confidential Information and specifically identifying any pages and lines of the deposition transcript to be designated as "RESTRICTED CONFIDENTIAL."  In the case of testimony or information designated as confidential on the record during the deposition, the Court reporter shall conspicuously mark any such designated transcripts as follows on the cover page of the transcript: "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL (OR RESTRICTED CONFIDENTIAL) INFORMATION UNDER PROTECTIVE ORDER".  In the case of testimony or information designated as confidential during the twenty-one day period, all

3

counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as follows on the cover page of the transcript: "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL (OR RESTRICTED CONFIDENTIAL) INFORMATION UNDER PROTECTIVE ORDER". Deposition exhibits previously designated as Confidential Information do not need to be re-designated to retain their protection under this order, regardless of whether or not the transcript is designated as Confidential Information.

c. In the event that persons other than the witness and individuals who may have access to such designated Confidential Information under this Protective Order attend a deposition at which Confidential Information may be disclosed, the Producing Party must designate the specific testimony or information containing Confidential Information by indicating on the record at the deposition that such Confidential Information is subject to the provisions of this Order. Whereupon the Producing Party shall have the right to exclude such persons from the deposition during the period any Confidential Information is disclosed or discussed.

d. In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, information contained therein may be designated as Confidential Information by prominently marking such paper or specific interrogatory responses or other discovery requests or responses as "CONFIDENTIAL (OR RESTRICTED CONFIDENTIAL) INFORMATION UNDER PROTECTIVE ORDER", or the

4

substantial equivalent thereof. Responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court without this legend designating the material confidential shall not be Confidential Information subject to this Protective Order unless otherwise agreed by the parties, ordered by the Court, or otherwise designated as Confidential Information in accordance with Paragraph 3 of this Protective Order.

e.      Tangible objects may be designated as Confidential Information by affixing to the object or its container a label or tag marked "CONFIDENTIAL (OR RESTRICTED CONFIDENTIAL) INFORMATION UNDER PROTECTIVE ORDER", or the substantial equivalent thereof.

f.      In the case of documents or things provided for inspection by a Producing Party's counsel, designation as Confidential Information need not be made until copies of the documents or things are produced after inspection and selection by counsel. Making documents or things available for inspection shall not constitute a waiver of any claim of confidentiality or attorney-client privilege, and all materials provided for inspection by a Producing Party's counsel shall be treated as though designated as Confidential Information at the time of the inspection.

3.   a.   The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection

5

afforded to work-product materials, or the subject matter thereof, or the confidential nature of any such information, as to the inadvertently produced document and any related material.

        b.    The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that a document has been inadvertently produced.  Upon receiving written notice from the Producing Party that privileged and/or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the Producing Party within ten (10) business days of receipt of such notice and the Receiving Party shall not use such information for any purpose, except as provided in paragraph 3.c., until further Order of the Court.  The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

        c.    If the Receiving Party contests the privilege or work-product designation by the Producing Party, the Receiving Party shall give the Producing Party written notice of the reason for said disagreement and shall be entitled to retain one copy of the disputed document for use in resolving the dispute.  The Producing Party shall, within fifteen (15) business days from receipt of the written notice from the Receiving Party, seek an Order from the Court compelling the return of the material.  If no such Order is sought, upon expiration of the fifteen (15) day period then any privilege or work-product protection that may have otherwise attached to the document will be deemed waived.  Any analyses, memoranda or notes which were internally generated based upon such inadvertently-produced information shall immediately be placed in sealed envelopes if in hard copy form or segregated if in electronic form, and shall be

6

destroyed in the event that (a) the Receiving Party does not contest that the information is privileged, or (b) the Court rules that the information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes or desegregated and returned to its intended purpose in the event that (a) the Producing Party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

d.       In the event that the Producing Party notifies the Receiving Party that a document or thing was produced without the appropriate confidentiality designation, the Producing Party shall provide the Receiving Party with replacement copies of the documents or things bearing the appropriate confidentiality designation.   Upon receipt of the replacement copies, the Receiving Party shall retrieve and return or destroy all copies of the previously produced documents or things.

4.   Only the following persons shall have access to or be permitted to retain material designated as Confidential Information:

a.       The Court and its official personnel.

b.       Outside Counsel for a party.  For purposes of this Protective Order, the term "Outside Counsel" shall mean attorneys for the law firms retained by the parties for this action, including paralegal assistants, office clerks, secretaries, and other support staff assisting those attorneys in preparing this case for trial.

c.       In-house counsel for a party who, in the judgment of outside counsel, are necessary to preparation of the party's case and who sign the undertaking.

d.      Business representatives of a party who, in the judgment of outside counsel, are necessary to preparation of the party's case and who sign the undertaking.

e.      In-house technical persons for a party who, in the judgment of outside counsel, are necessary to preparation of the party's case and who sign the undertaking.

f.      Provided that the procedure described in Paragraph 6 is followed, outside experts and consultants (and the experts' or consultants' staff whose duties and responsibilities require access to such materials) who are employed to furnish expert or technical services or to give expert testimony with regard to this action.

g.      Court reporters and translators.

h.      Outside litigation support personnel, including contract attorneys, retained by Outside Counsel to assist in the preparation and/or litigation of this action.

i.      Any other person agreed to by the parties.

5.      Access to information marked "RESTRICTED CONFIDENTIAL" shall be limited to, and only to, the "qualified persons" identified in Paragraph 4(a-b), and (f-i) with the disclosure to the independent experts and consultants being governed by the procedure set forth below in Paragraph 6.   In addition two designated in-house counsel for each Party Group[1] under Paragraph 4 (c) shall be permitted access to all materials designated "RESTRICTED CONFIDENTIAL."   The designated in-house counsel shall be Richard Wood and Turan Odabasi

---

[1] For the purposes of this Protective Order, the four Party Groups are (1) the University of Nebraska Board of Regents; (2) BASF Corporation; (3) Monsanto Company; and (4) Syngenta Crop Protection, Inc.

for the University of Nebraska Board of Regents; Brian W. Stegman and Gary M. Pace for BASF Corporation; Martin Zucker and Todd Rands for Monsanto Company; and Daniel Tangeman and Vince Alventosa for Syngenta Crop Protection, Inc.  If circumstances require the designation of different in-house counsel permitted access to "RESTRICTED CONFIDENTIAL" information as this above-captioned action progresses, any such designation shall be either by written agreement of the parties or by order of the Court.  All materials containing Confidential Information marked "RESTRICTED CONFIDENTIAL" shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order.

6.    Before counsel for a Receiving Party may disclose material designated as Confidential Information to a person described in Paragraph 4(f), above, the expert or consultant must: acknowledge receipt and understanding of this Protective Order; agree to be bound thereby; to use such information and materials solely for this litigation; not to disclose any such information or materials to any other person, firm, or concern; and never to use any of the information, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so.

Each expert or consultant to whom Confidential Information is to be disclosed shall first execute an UNDERTAKING, attached hereto.  Counsel who retain the expert or consultant shall forward a copy of the executed UNDERTAKING and current *curriculum vitae* disclosing the person's prior or present relationship, if any, with the parties to counsel for the Producing Party, providing seven (7) days prior notice of his intention to disclose Confidential Information to the expert or consultant identified in the notice.  In the event of an objection to the proposed

disclosure, the parties shall promptly confer to attempt to resolve the concerns giving rise to the objection. If the parties are unable to reach agreement regarding such disclosure, the objecting party may request this Court issue an order to prohibit the disclosure within twenty (20) days after receipt of the notice. The burden shall be on the objecting party to show the Court why the disclosure should not be made and no Confidential Information shall be disclosed to said expert pending the Court's resolution.

7.   In the event that counsel for a party deems it necessary to disclose any Confidential Information of the Producing Party to an individual not specified under Paragraph 4 above, said counsel shall notify counsel for the Producing Party in writing of (a) the information or documents to be disclosed and (b) the person(s) to whom such disclosure is to be made, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the party wishing such disclosure shall make an appropriate motion, so that this Court may rule as to whether such disclosure may be made and whether any restrictions or limitations apply.

8.  Confidential Information in the form of documents which are submitted to the Court with any filing or proceeding in this litigation shall be filed as "restricted access" documents, with electronic court filing access available only to parties of record and court users. Confidential Information that is not documentary in nature shall be submitted in a sealed envelope or container including thereon the title of this action and a statement in substantially the following form:

CONFIDENTIAL INFORMATION

FILED UNDER SEAL PURSUANT TO PROTECTIVE
ORDER.  THIS ENVELOPE OR CONTAINER IS NOT
TO BE OPENED NOR THE CONTENTS THEREOF
DISPLAYED OR REVEALED EXCEPT BY COURT
ORDER OR TO QUALIFIED RECIPIENTS.

This paragraph of the protective order is a standing order of the Court applicable only to this case. So long as this protective order, or this paragraph of the protective order, remains in effect, documentary Confidential Information may be filed as a restricted access filing, and Confidential Information that is not documentary in nature may be filed under seal, without further order of Court. Nothing in this paragraph limits the Court's discretion and ability to lift the restricted filing status of a pleading or document, strike it, or order the filing party to place a redacted copy of the pleading or document on the public docket.

9. Subject to the approval of the Court, attendance at a deposition, hearing or at a trial session in this action at which material designated as Confidential Information will be used or disclosed, shall be limited to individuals entitled to access such materials under the terms of this Protective Order.

10. Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing a document containing Confidential Information to any person which the document designates as the author, addressee or copy recipient of such document, or who had authorized access to the document. During deposition or trial testimony, counsel may disclose documents produced by a party to current employees and officers of the Producing Party.

11. In the event that any of the parties (a) is subpoenaed in another action, or (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose Confidential Information that was so designated by another party, the party subpoenaed or served as referred to in this paragraph shall object to production of the Confidential Information and shall give prompt written notice to Producing Party. Should the person seeking

11

access to the Confidential Information take action against the party covered by this Protective Order to enforce such a subpoena, demand or other legal process, said covered party shall respond by setting forth the existence of this Protective Order.  Nothing in this Order shall be construed as requiring the party covered by this Protective Order to challenge or appeal any order requiring production of Confidential Information covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

12.   Nothing in this Protective Order shall bar or otherwise restrict any counsel representing a party in this action from rendering advice to his or her client with respect to this litigation.  In the course of doing so, said attorney may generally refer to or rely upon his or her conclusions or opinion formed upon examination of Confidential Information, but shall not disclose the specific contents of Confidential Information to persons not authorized to receive such material pursuant to this Protective Order.

13.   Nothing herein shall be construed (a) as preventing any party from using or continuing to use any information that, at the time of disclosure, is publicly known through no unauthorized act of such party, or (b) as preventing a party from continuing to use any information known or used by it if such information was lawfully obtained by the party other than through discovery of the Producing Party.  Should a dispute arise as to any specific information or materials, the burden shall be upon the party claiming that such information or materials is or was publicly known or was lawfully obtained other than through discovery of the Producing Party.  For the purposes of this Paragraph, Confidential Information that is inadvertently disclosed or produced by a party without designating it as such shall not be deemed to be public knowledge solely by

12

virtue of the party's failure to designate it as Confidential Information provided that the Producing Party complies with Paragraph 3 of this Protective Order.

14. Nothing herein shall be construed as an agreement or admission: (a) that any information, document or the like, designated as Confidential Information is in fact confidential or a trade secret, or (b) with respect to the competency, relevance, or materiality of any such information, document, or the like.

15. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the Producing Party of any information as Confidential Information, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving same.

16. Nothing in this Order shall be deemed a waiver of any right any party might otherwise have under the Federal Rules or of the doctrines of attorney-client privilege or attorney work product protection or any other privilege protection.

17. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Producing Party of Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

18. Within sixty (60) days after the conclusion of this action, all documents, objects, and other materials produced or designated as Confidential Information, and all reproductions thereof, shall be returned to the Producing Party, or counsel for the receiving party may within the sixty day period certify to the Producing Party the destruction of all such materials that

13

would otherwise be returned except that outside counsel may retain one (1) complete set of the pleadings, trial transcripts, exhibits admitted in any court proceeding, documents filed with the court, deposition transcripts and discovery responses.  Confidential Information contained in such pleadings, trial transcripts, admitted exhibits, filed documents, deposition transcripts and discovery responses shall continue to be kept confidential as designated pursuant to this Protective Order, or as otherwise ordered by the Court or agreed to by the parties, for so long as the pleadings, trial transcripts, and exhibits are retained by Outside Counsel.  Insofar as the provisions of this and any other Protective Order entered in this action restrict the communication and use of information produced thereunder, such Orders shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed and remained under seal), and (b) a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such Protective Order.

19.  The terms of this Protective Order shall be applicable to information produced by any non-party designated by such non-party, or by a party hereto, as Confidential Information.

20.  The parties have agreed to the provisions of this Protective Order to facilitate the production of evidence that is potentially relevant in this action.  None of the parties' entry into this stipulated Protective Order, nor the designation of any material, document, thing, or other information as Confidential Information, nor the failure to so-designate any material, document, thing, or other information as Confidential Information, shall constitute evidence with respect to any issue in this action.

21.  Any violation of this Protective Order may constitute a contempt of court and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party or non-party.

22.  Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by all of the parties, it will be treated as though it has been "So Ordered."

23.  The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

24.  Any Confidential Information produced prior to the entry of this Protective Order shall be treated as Confidential Information whether or not so marked upon request by the Producing Party specifically identifying the Confidential Information (in the case of documents, by production number).  Requests for re-designation of this material shall be made on a document-by-document basis.

25.  This Protective Order may be modified or amended by further order of the Court for good cause shown or by written agreement of the parties.

SO ORDERED this 12th day of February, 2007.

BY THE COURT

s/ *David L. Piester*

David L. Piester

United States Magistrate Judge

15

Agreed as to form and substance:

Date:  February 10, 2007                    Respectfully submitted,


s/ Andre R. Barry                             s/ Charanjit Brahma

James M. Bausch                    David Houghton

Andre R. Barry                     Lieben Whitted Houghton

Cline, Williams, Wright, Johnson &   Slowiaczek & Cavanagh, P.C., L.L.O.

Oldfather, L.L.P.                  100 Scoular Building

1900 U.S. Bank Building            2027 Dodge Street

233 South 13th Street              Omaha, NE  68102

Lincoln, NE  68508


                                   Gregg F. LoCascio

*Attorneys for Plaintiff*             Charanjit Brahma

*BOARD OF REGENTS OF THE*             Kirkland & Ellis LLP

*UNIVERSITY OF NEBRASKA*             655 15th St. NW, Suite 1200

                                   Washington, DC  20005


                                   *Attorneys for Defendant*

                                   *BASF CORPORATION*

16

s/ Steven G. Spears

     Wayne J. Mark

     Danene J. Tushar

Fraser, Stryker, Meusey, Olson, Boyer & Bloch,
P.C.

500 Energy Plaza

407 South 17th Street

Omaha, NE 68102


Steven G. Spears

Howrey LLP

1111 Louisiana, 25th Floor

Houston, TX 77002

*Attorneys for Intervening Plaintiff*

*MONSANTO COMPANY*


s/ Steven J. Wells

John P. Passarelli

James M. Sulentic

Kutak Rock LLP

The Omaha Building

1650 Farnam Street

Omaha, NE  68102


Steven J. Wells

Christopher M. Ryan

Dorsey & Whitney LLP

Suite 1500

50 South Sixth Street

Minneapolis, MN 55402

*Attorneys for Intervening Defendant*

*SYNGENTA CROP PROTECTION, INC.*

17

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

BOARD OF REGENTS OF THE                          )

UNIVERSITY OF NEBRASKA                           )

                                                 )

                      Plaintiff,                 )      Case Number 4:04cv3356

                                                 )

            v.                                   )

                                                 )

BASF CORPORATION                                 )

                                                 )

                      Defendant,                 )

                                                 )

MONSANTO COMPANY                                 )

                                                 )

                      Intervening Plaintiff,     )

                                                 )

            and                                  )

                                                 )

SYNGENTA CROP PROTECTION, INC.                   )

                                                 )

                      Intervening Defendant.     )

1

_____ )

# **UNDERTAKING**

I, _____, declare under penalty of perjury that:

    (a) My current residential address is _____.

    (b) My current employer is _____ and

    the address of my current employer is:

    _____.

    (c) My current occupation or job description is _____.

    (d) Attached is a true and correct copy of the current version of my *curriculum vitae*.

    (e) I have received and carefully read the Protective Order dated _____, and

understand its provisions.  Specifically, I understand that I am obligated, under order of the

Court, to hold in confidence and not to disclose the contents of anything designated as

2

Confidential Information under the Protective Order, except as permitted by Paragraph 4 of the

Protective Order.  I further understand that I am not to disclose to anyone other than those

persons identified in Paragraph 4 of the Protective Order any words, substances, summaries,

abstracts, or indices of any Confidential Information disclosed to me.  I further understand that I

am not to disclose to anyone other than those persons identified in Paragraph 5 of the Protective

Order any words, substances, summaries, abstracts, or indices of any information marked

"Restricted Confidential" disclosed to me.  I will use the Confidential Information solely for

purposes relating to the above-captioned litigation.   I will never use the Confidential

Information, directly or indirectly, in competition with the Producing Party nor will I permit

others to do so.  In addition to the foregoing, I understand that I must abide by all of the

provisions of the Protective Order.

(f) At the termination of this action or at any time requested by counsel, I will return to

counsel for the party by whom I am employed or to counsel by whom I am employed all

documents and other materials, including notes, computer data, summaries, abstracts, or any

3

other materials containing or reflecting Confidential Information which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

(g) I understand that I am subject to the jurisdiction of this Court for the purposes of enforcing this Order, and I further understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Producing Party.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

_____

Date

_____

Signature

4

5