IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, | ) ) ) | |
| Plaintiff, | ) ) | 4:04CV3356 |
| v. | ) ) | |
| BASF CORPORATION, et al., | ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

A telephone conference was held with counsel in this case on March 26, 2007 to discuss, in accordance with Fed. R. Civ. P. 16, the status of the parties' preparations and the progression schedule. A number of topics were discussed, and the court made the rulings set forth below. In accordance with the discussion during the conference,

IT THEREFORE HEREBY IS ORDERED,

1. The request of Syngenta to delay "claims construction" issues for consideration in the second round of summary judgment motions was denied. Motions for summary judgment concerning claims construction shall remain due in the first round of summary judgment motions, to be filed on or before April 16, 2007.

2. The deadlines in Paragraph 11 of the progression order are amended as follows:

>    a. The opening round of expert disclosures (by plaintiff, counterclaimants, crossclaimants) as required by Fed. R. Civ. P. 26(a)(2) shall be served on or before thirty days following the court's ruling on the last of the summary judgment motions filed April 16, 2007.

>    b. The second round of expert disclosures (by defendants, counter-defendants, cross-defendants) shall be served not later than thirty days following service of the opening disclosures.

      c. The disclosure of refutation expert witnesses shall be made not later than fifteen days following service of the second round of disclosures.

3. The deadline for filing the second round of summary judgment motions is extended to July 6, 2007.

4. On or before April 16, 2007 each party shall provide as much information as is practicable about the subject matter of testimony expected to be given by both its expert witnesses and its non-expert witnesses.  While not intended to substitute for the disclosures later required under the progression order and Rule 26, these descriptions of the subject matter of expected testimony shall be made in good faith for the purpose of providing mutual assistance among counsel in discovery and trial preparation.

DATED this 26th day of March, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge