IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, | ) ) ) | |
| Plaintiff, | ) ) | 4:04CV3356 |
| v. | ) ) | |
| BASF CORPORATION, | ) ) | MEMORANDUM AND ORDER |
| Defendant, | ) ) | |
| MONSANTO COMPANY, | ) ) | |
| Intervening Plaintiff, | ) ) | |
| and | ) ) | |
| SYNGENTA CROP PROTECTION, INC., | ) ) ) | |
| Intervening Defendant. | ) ) | |

Intervenor Monsanto has filed a motion seeking a protective order relieving it of its obligation to answer interrogatories propounded to it by defendant BASF for the reason that they exceed twenty-five in number.  I shall grant the motion.

While this dispute has generated a bundle of documents emanating more heat than light, it distills into how one should count "discrete subparts" of interrogatories.  The applicable local rule states:

> For purposes of determining the number of interrogatories, including sub-questions, each inquiry that endeavors to discover a discrete item of information shall be counted as a separate interrogatory.  For example, a question which states:  "Please state the name, address, and telephone number of any witness to the accident set forth in the complaint" shall be counted as three interrogatories.

The parties stipulated in their report of planning meeting that each party could serve twenty-five interrogatories on any other party. Filing 128, page 36. That agreement was adopted by the court. Filing 129, paragraph 8. BASF did not seek leave of court to serve a larger number of interrogatories. It served what it designated as seventeen interrogatories on Monsanto on February 7, 2007. Filing 195, Exhibit 2. Monsanto has refused to answer any of them on the ground that the number is excessive. In addition, in its letter to BASF counsel, Monsanto argued that answering them places an unreasonable burden on Monsanto. Monsanto did not serve objections or responses to the interrogatories, but instead filed the instant motion for protective order. The question before me is whether Monsanto has shown "good cause" under Fed. R. Civ. P. 16(c) to protect it from answering.

First, Monsanto has shown nothing demonstrating the burden it faces in answering all the interrogatories as propounded. This objection, if it can be termed such, has been waived.[1] The counting of the interrogatories remains the focus of the motion.

There is no doubt that the number of "discrete" subparts to BASF's interrogatories exceeds twenty-five, and, therefore, I do find good cause. A "discrete" part is a part that seeks information not sought by another part. By my count, BASF

---

[1] Procedurally Monsanto has waived all other objections to these interrogatories by not serving a formal objection. Fed. R. Civ. P. 33(b)(1). ("Each interrogatory shall be answered separately and fully in writing under oath, *unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.*")

exceeded twenty-five "discrete" sub-parts by the end of the third interrogatory, as follows *[Court's count in italicized brackets]*:

> 1. Identify each individual *[1]* or group *[2]* whose files (including, without limitation, electronic files and e-mail) were searched in response to BASF's request for the production of documents and things to Monsanto, indicating by production number *[3]* any documents or things produced in this litigation from that individual's or group's files, and each individual consulted in preparing Monsanto's responses to BASF interrogatories *[4]*.
>
> 2. Identify all reviews, analyses, studies, opinions, evaluations or investigations performed by or on behalf of Monsanto or the results of which were disclosed to Monsanto by a third party concerning: the February 1993 contract executed by the Board of Regents of the University of Nebraska ("Board") and Sandoz Agro, Inc. ("Sandoz Agro") and any amendments thereto ("Contract") *[5]*; the ability of Sandoz Agro to convey to BASF, Syngenta Crop Protection, Inc. ("Syngenta"), or any other party, any rights or obligations under the Contract *[6]*; the ability of the Board to convey an exclusive license to any inventions *[7]*, know-how *[8]*, patents *[9]*, patent applications (United States *[10]* and foreign *[11]*), trade secrets *[12]*, intellectual property or potential intellectual property *[13]* arising from any activities performed pursuant to the Contract; and the January 12, 2005 contract *[14]* executed by the Board and Monsanto, and any amendments thereto ("Monsanto License").
>
> 3. Describe in detail the creation *[15]*, drafting *[16]*, negotiation *[17]*, execution of *[18]*, performance of *[19]*, interpretation of *[20]*, or analysis of *[21]* the Monsanto License *[22]* or any other license relating to the intellectual property licensed under the Monsanto License *[23]*, and all communications between Monsanto and any other party concerning the these [sic] licenses, including the date of *[24]*, participants in *[25]*, substance of *[26]*, and form (e.g., letter, phone, e-mail) of each such communication *[27]*, and identify all individuals *[28]* involved in any creation, drafting, negotiation, execution of, performance, and interpretation of these licenses, and describe in detail their roles in those negotiations *[29]*.

In its response to the motion, BASF asks the court to require Monsanto to answer certain interrogatories which it believes are the most critical and which would not require Monsanto to answer more than twenty-five subparts. I decline to do so. BASF should have the opportunity to re-draft and propound interrogatories compliant with the local rule and the progression order. Time being short, I shall reduce the time available to complete this discovery. Counsel are urged to cooperate in providing the requested information as soon as possible.

IT THEREFORE HEREBY IS ORDERED:

1. The motion for protective order, filing 194, is granted, and Monsanto need not serve answers to the pending interrogatories.

2. BASF is given leave to serve Monsanto with interrogatories, totaling not more than twenty-five, including subparts, or alternatively, may simply designate no more than twenty-five from those that are the subject of the instant motion, within seven working days. Monsanto shall have seven working days following service or designation in which to respond.

3. Each party shall bear its own expenses with respect to this discovery matter.

DATED this 2nd day of April, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge