```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

BOARD OF REGENTS OF THE         )
UNIVERSITY OF NEBRASKA,         )
                                )
            Plaintiff,          )         4:04CV3356
                                )
      v.                        )
                                )
BASF CORPORATION,               )         MEMORANDUM AND ORDER
                                )
            Defendant,          )
                                )
MONSANTO COMPANY,               )
                                )
    Intervening Plaintiff,      )
                                )
    and                         )
                                )
SYNGENTA CROP PROTECTION,       )
INC.,                           )
                                )
    Intervening Defendant.      )
                                )
```

Monsanto has filed a motion for protective order, challenging BASF's noticed Rule 30(b)(6) notice of deposition as it pertains to the subjects of:

>   (1) "Monsanto's valuation of any dicamba resistance trait technology conceived or developed [by plaintiff's personnel]...."
>
>   (2) "Monsanto's valuation of any Herbicide-Tolerance Trait Technology, including without limitation Monsanto's valuation of technology conferring resistance in soybeans and/or other crops to the herbicide glyphosate...."
>
>   (3) "Documents and things related to the foregoing topics...."
>
>   (4) "Persons with knowledge about the foregoing topics...."

Filing 309, Exhibit A.  Monsanto's motion states that the topics are neither relevant to the issues before the court nor reasonably calculated to lead to the discovery of admissible evidence.  Filing 307.  BASF has filed a cross motion, seeking to compel the Rule 30(b)(6) deposition with its accompanying production of materials.

     Having now reviewed all the materials filed in support of and in opposition to the motion, I am not persuaded that the subjects are relevant to the issues in the case.  While BASF complains loudly that Monsanto has the burden to show irrelevance, privilege, and/or other reasons why the subjects of proposed inquiry should not be produced, it neglects that in the first instance, the requesting party has the burden of showing relevance, See, e.g.,  Meijer, Inc. v. Warner Chilcott Holdings Co.k III, Ltd., 245 F.R.D. 26, 29-30 (D.D.C. 2007);  Moss v. Blue Cross and Blue Shield of Kansas, Inc., 241 F.R.D. 683 (D. Kan., 2007);  Tilley v. Equifax Information Services, LLC. ___ F.R.D. ___,  2007 WL 2807862 (D. Kan. 2007).  Generally, relevance is shown initially if there is "any possibility" a subject is relevant to an issue in the case or is reasonably calculated to lead to the discovery of admissible evidence, Id. Once that has been shown by the requesting party, then the burden shifts to the party resisting discovery to show how it is protected from discovery.  Rayman v. American Charter Federal Savings and Loan Ass'n., 148 F.R.D. 647 (D. Neb. 1993). Although the parties have argued vociferously about several procedural aspects of the motion, at bottom BASF has not met its burden. While repeatedly stating that the valuations of Monsanto are necessary for it to meet its burden of proof on damages, it has shown nothing specific on how such relevance exists, particularly

any likeness between itself and Monsanto, and any similarities between the two companies' economic resources and abilities to project the profitability of any yet-to-be produced product for actual use in agriculture.  I fail to see how Monsanto's calculations of value projections, assuming there even were some, would in any way assist BASF in calculating its own evaluation of the economic viability of such a product.  I shall therefore grant the motion for protective order, and deny the cross motion to compel.

Syngenta has filed a motion for a protective order seeking the return of inadvertently produced documents.  The subject documents are instruction pages in laboratory notebooks prepared by Sandoz patent agent(s) and/or patent attorney(s) concerning Sandoz scientists' actions to safeguard procedures in procuring patents.  The fact that these instruction pages had been produced came to light September 26, 2007 during the deposition of Dr. Subramanian; it was at that time that counsel for Syngenta and BASF claimed they were protected by the attorney-client privilege, were inadvertently produced, and should be returned by plaintiff's and Monsanto's counsel.  Subsequently, counsel for plaintiff and Monsanto each contested the claim of attorney-client privilege and retained copies in accordance with the parties' stipulated protective order.  Syngenta now claims the privilege applies "only for the instructions issued by the Sandoz Patent Department."  Brief in Support of Motion, Filing 334, p. 5.

The issues here are first, whether the documents are covered by an attorney-client privilege, and second, whether they were inadvertently produced or the privilege has been waived by their production.  As the relevance of the documents is apparent, the

3

burden is on Syngenta to demonstrate the application of the privilege, as stated above.

In support of the motion Syngenta has filed the declaration of Jacqueline S. Larson, Filing 335, Exhibit 4.  She was a "patent agent" in the Patent Department of Zoecon Corporation, later Sandoz Crop Protection, from 1979 to 1988.  She was admitted to the California bar in 1987.  Her declaration states that while she was in the Patent Department, she was "involved in the prosecution of patents on our scientists' research."  She states that the "Patent Department issued instructions advising scientists on how to protect their ideas and inventions for patent purposes" and, "These instructions were routinely placed in the front of the Sandoz laboratory notebooks."  She further states that the notebooks were "the property of Sandoz and were to be kept confidential at all times."  Id.

Plaintiff and  Monsanto argue that Syngenta has failed to show the documents were ever subject to the attorney-client privilege.  I agree.  The documents appear to be generic lab instructions, not legal advice.  There is no showing that they were prepared by an attorney.  The first one bears the name "J. Larson" (presumably Jacqueline Larson, but not shown to be so) but is not signed; it is dated February 1987, the same year that Jacqueline Larson was admitted to the California bar, but there is no indication that she was an attorney when it was written.  The others were all dated after Jacqueline Larson left the company.  There is no indication on any of the other instruction sheets that any was prepared by an attorney, or even by patent agents, in the course of communicating confidential information or legal advice.  They are attributed, presumably, to the "Patent Department," but there is no description in the evidence of who

4

or what that was; they are not even attributed to the "legal department," if one existed, much less a person identified as an attorney.  In addition, even assuming the documents were privileged when created, there is no privilege log accompanying them which includes the supplementary information required to be disclosed by this court's progression order, (filing 129 Para. 7)[1] , and the declaration of Jacqueline Larson fails to address these issues, much less establish the existence of the privilege when the documents were prepared.  Even if the documents were found to be privileged, there is no evidence before the court on how they were "inadvertently" produced.  Syngenta has utterly failed to demonstrate that the documents were privileged or that they were inadvertently produced.

    IT THEREFORE HEREBY IS ORDERED:

    1.   The motion for protective order, filing 307, is granted, and the cross motion to compel, filing 324, is denied.

    2.   The motion for protective order for return of inadvertently produced documents, filing 332, is denied.

    3.   Each party shall bear its own expenses with respect to this discovery matter.

---

[1] 7. Withholding Documents from Disclosure or Discovery. If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

      4.  That portion of the parties' earlier joint motion which seeks a conference with the court regarding scheduling, filing 330, is granted, and the conference will be held by telephone on December 13, 2007 at 10:00 a.m., Central Time.  Counsel for defendant BASF shall arrange the call.

      DATED December 12, 2007.

                                  BY THE COURT:

                              s/ *David L. Piester*
                              David L. Piester
                              United States Magistrate Judge