```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF NEBRASKA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04CV3356 |
| | ) | |
| v. | ) | |
| | ) | |
| BASF CORPORATION, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant, | ) | |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Intervening Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SYNGENTA CROP PROTECTION, | ) | |
| INC., | ) | |
| | ) | |
| Intervening Defendant. | ) | |
| | ) | |

On April 28, 2008 the court received a telephone call from counsel in this case concerning a discovery dispute which had arisen in the course of taking the plaintiff's Rule 30(b)(6) deposition. The plaintiff's designated witness, Dr. Donald Weeks, testified that he had reviewed various materials prior to the deposition, and the deposing party, BASF, requested production of those materials pursuant to Federal Rule of Evidence 612. Plaintiff opposed the production of the documents on the grounds that they were protected from discovery by the work product rule and/or attorney-client privilege. BASF countered that such protection, if applicable, had been waived by Dr. Weeks' review of the documents prior to the deposition. The court accepted the parties' positions as an oral motion to compel

production of the documents and plaintiff's opposition to the production of the documents.

The dispute concerned four categories of documents:

Category 1:  Dr. Weeks' notes he took during telephone and face-to-face conversations with other fact witnesses in preparation for the deposition, and which were reviewed by Dr. Weeks prior to the deposition.  The conversations took place in the two weeks prior to the deposition, and in some cases concerned subjects and facts with which Dr. Weeks had not previously been personally involved, but which were included in the nine topics listed by BASF in its Rule 30(b)(6) notice of deposition.  Mr. Barry, counsel for plaintiff, participated in at least some of the telephone conversations.

Category 2:  Dr. Weeks' copies of already-produced documents (lab books) on which he had written some notes (and on which Mr. Barry had also written some notes), and additionally separate notes prepared by Dr. Weeks as he reviewed the lab reports.  His review of these documents also occurred within the two weeks prior to the deposition.

Category 3:  A memorandum from Mr. Barry to Dr. Weeks dated April 19, 2008 concerning one of the topics included in the Rule 30(b)(6) notice of deposition and Mr. Barry's summary of key facts in relation to it.  The document also contains handwritten notes by both Mr. Barry and Dr. Weeks.

Category 4:  Dr. Weeks' notes of conversations he had with Mr. Barry in preparing for the deposition.  One page in this category is printed and contains what appears to be Mr. Barry's handwritten additions and/or notes.

Counsel argued their respective positions to the court. Syngenta supported BASF's oral motion.  Monsanto supported the Board of Regents' position.  At the conclusion of the conference, the court directed all of the documents to be provided to the court for *in camera* review, together with the rough draft of the

court reporter's transcript of the relevant portions of testimony, and took the matter under advisement, subject to such review. Since Syngenta's Rule 30(b)(6) deposition of the plaintiff, in which Dr. Weeks is also the designee, was scheduled to be held at or soon after 9:00 a.m. on April 29, 2008, the court promised to rule on the matter the morning of April 29, 2008.

A second telephone conference was held at 8:30 a.m. on April 29, 2008. At that time the court announced its rulings on the oral motions. In light of the limited amount of time available to the parties and to the court in presenting and considering the matter, the court's rulings are made without prejudice to the later filing of formal, written motions supported by a complete record and briefs. The court's rulings appear in the order section of this document.

During the telephone conference on April 29, counsel informed the court that there were additional documents not produced to the court for the previous *in camera* review which may be subject to the same type of dispute with regard to Syngenta's Rule 30(b)(6) deposition. Counsel requested the court to conduct an *in camera* review of these documents as well, and the court agreed to do so. They were then prepared by counsel and brought to the chambers of the undersigned. They are categorized as follows:

> Category 2, 4/29/08: Additional notes by Dr. Weeks that would fall into Category 2, above, but which were retrieved by him during the evening of April 28, 2008.
>
> Category 3, 4/29/08: Another copy of Mr. Barry's April 19, 2008 memorandum to Dr. Weeks with what appears to be Dr. Weeks' handwritten notes thereon, and also a

3

>       document titled "30(b)(6) Deposition of Dr. Donald Weeks"
>       which was prepared by Mr. Barry.

These documents have now also been reviewed by the court.  The court's rulings on these documents are the same as for those in Categories 2 and 3 above.

   Regarding the preservation of these documents, contrary to the discussion with counsel during the telephone conference today, the clerk of the court does have the ability to maintain color documents other than in the CM/ECF system.  I shall therefore order the clerk to keep possession of the original documents provided to the court for *in camera* review, and have color copies of those documents returned to plaintiff's counsel.  I shall have the portions of the rough transcript which were reviewed by the court filed, but not under seal.

   In accordance with the reasons announced to counsel in the telephone conference this date, and in accordance with the court's subsequent *in camera* review of the additional documents provided to the court this date (except as noted above),

   IT THEREFORE HEREBY IS ORDERED:

   1.  The *originals* of all of the documents provided to the court for *in camera* review shall be filed -- UNDER SEAL -- in the office of the clerk as evidence in this case and maintained exactly how they were delivered to the court.  They shall not be scanned into CM/ECF, as it is impractical to do so while preserving the color markings on the documents, which are critical to court review of them.

   2.  The clerk shall copy all of such documents *in color* and provide the *copies* back to counsel for the plaintiff.  Plaintiff's counsel shall safeguard such color copies until further order of the court or resolution of this case, whichever first occurs.

4

     3.  The clerk shall file the rough transcript provided to the court in connection with this matter.

     4.  The oral motion of BASF to compel the production of the subject documents pursuant to Rule 612, Federal Rules of Evidence, is denied.

     5.  This ruling is made without prejudice to a formal motion later being filed by any of the parties addressing this subject matter.

     DATED:  April 29, 2008.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge