THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, | ) ) ) | 4:04CV3356 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **MEMORANDUM AND ORDER** |
| BASF CORPORATION, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| MONSANTO COMPANY, | ) ) | |
| Intervening Plaintiff, | ) ) | |
| and | ) ) | |
| SYNGENTA CROP PROTECTION, INC., | ) ) ) | |
| Intervening Defendant. | ) | |

    Defendant BASF Corporation has filed a Motion for Final Judgment Under Rule 54(b)[1] (filing 397) requesting that the court enter a final judgment stating that:

---

[1] Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

>   (1)   the Court's summary judgment ruling is an ultimate disposition of the Board's Claim One and Monsanto's Claims One and Four that (a) BASF was not validly assigned a license covering U.S. Patents Nos. 7,022,896 and 7,205,724, and (b) Monsanto's claimed exclusive license from the Board that covers those patents shall remain valid regardless of the outcome of the remainder [of] this litigation; and
>
>   (2)   there is no just reason for delay entering this final judgment.

(Filing 397.)²

Plaintiff Board of Regents of the University of Nebraska agrees that "the Court's resolution of those claims in its summary judgment order was final for purposes of Rule 54(b)." (Filing 399, at 2.) However, the Board of Regents and intervening plaintiff Monsanto argue that judicial administrative interests, the equities involved, and the historic federal policy against piecemeal appeals weigh in favor of denying BASF's motion. (Filings 399 & 400.) I agree.

In making a determination under Fed. R. Civ. P. 54(b), a district court must (1) be dealing with a "final judgment"—that is "'an ultimate disposition of an individual

---

>   Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

²The order on summary judgment to which BASF's Rule 54(b) motion refers was filed on November 6, 2007 (filing 343). The court's order on BASF's motion for reconsideration of the summary judgment order was filed on April 3, 2008 (filing 381). BASF filed its Rule 54(b) motion on June 13, 2008 (filing 397).

claim entered in the course of a multiple claims action'"; and then must (2) determine "whether there is any just reason for delay." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

> Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a dispatcher. It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised in the interest of sound judicial administration.
>
> Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals.

*Id.* at 8 (internal quotations & citations omitted). "Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely. That is implicit in commending them to the sound discretion of a district court." *Id.* at 10.

In this complex patent case involving difficult scientific concepts, licenses, assignments, transfers, contracts, letter agreements, mergers, and asset purchases between very large business entities and the University of Nebraska, judicial administrative interests clearly weigh in favor of denying BASF's motion for a Rule 54(b) judgment. It is simply inefficient to require a court of appeals to twice, in separate appeals, familiarize itself, consider, and resolve interrelated issues that are based on the same chain of events, much of the same evidence, similar factual

allegations, and conduct of the same parties. Further, there is no evidence that denying BASF's motion would visit undue hardship or injustice upon any party. This is especially so since trial is set for next month, at which time all pending issues will he heard. After the case is submitted, all issues will be adjudicated as soon as possible, and the parties can then perfect a prompt, unified appeal in which all issues can be efficiently considered and decided at once.

Accordingly, in the interests of judicial economy and the historic federal policy against piecemeal appeals, I shall deny BASF's motion for judgment under Fed. R. Civ. P. 54(b).

IT IS ORDERED that the Motion for Final Judgment Under Rule 54(b) (filing 397) filed by BASF Corporation is denied.

October 14, 2008.          BY THE COURT:
                           s/ *Richard G. Kopf*
                           United States District Judge