THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, | ) ) ) | 4:04CV3356 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **MEMORANDUM AND ORDER** |
| BASF CORPORATION, | ) ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| MONSANTO COMPANY, | ) ) ) | |
| Intervening Plaintiff, | ) ) | |
| and | ) ) | |
| SYNGENTA CROP PROTECTION, INC., | ) ) ) ) | |
| Intervening Defendant. | ) | |

    All four parties in this case have filed motions for summary judgment regarding the issues of inventorship of two patents; ownership of the patents based on a contract between the University of Nebraska and Sandoz Agro, Inc., and its affiliated companies; the Board of Regents' alleged breach of that contract when it failed to assign its ownership interests in the patents to BASF because the inventions claimed in those patents were "made jointly" within the meaning of the contract; and the Board of Regents' defenses of the statute of limitations, waiver, laches, and equitable estoppel. (Filings 402, 405, 414, 416.) Accompanying these motions are four binders of briefs, some over 100 pages in length, and 18 binders of evidence for the court's consideration.

After review of the materials submitted by the parties, the court shall deny the parties' motions because there are countless facts in dispute that are pivotal to the issues raised in the motions; there are questions of credibility that can only be resolved by viewing witnesses subject to cross-examination at trial; the parties disagree about the substance of the evidence and the inferences that should be drawn therefrom; and viewing and hearing the witnesses would aid the court in understanding the highly complex patents at issue, drawing inferences, and reaching conclusions. *See, e.g., Matter of Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991) (not permissible for trial judge to draw inferences from evidence submitted on summary judgment in non-jury case when "those inferences involve issues of witness credibility or disputed material facts"); *Taggart v. Wadleigh-Maurice, Ltd.*, 489 F.2d 434, 439 (3rd Cir. 1973) ("disputed facts in a nonjury case are determined by trial and not on summary judgment motion"); *Pioneer Natural Resources USA, Inc. v. Diamond Offshore, Inc.*, 2007 WL 3334388, at *2 (E.D. La. Nov. 7, 2007) (summary judgment motion in non-jury case denied when evidentiary facts were "heavily disputed," a number of conflicting inferences could have been drawn from basic undisputed facts, there were issues of witness credibility to be resolved at trial, and trial would enhance court's ability to draw inferences and make conclusions); *Emery v. National Life & Acc. Ins. Co.*, 614 F. Supp. 167, 170 (S.D. Ill. 1985) ("When, for purposes of a motion for summary judgment, the pure questions of fact are not in dispute and all that remains is a mixed question of law and fact or an application of the law to the facts, a court, as trier of fact in a non-jury case, may decide such a question in granting the motion. In every case, the Court must be sure that the opposing party's entire version is before the Court and that such issues as credibility and demeanor would not aid in the court's determination.").

Specifically, there are many material questions of fact regarding the scope, amount, and significance of work performed by Sandoz personnel during development of the technology that resulted in the '896 and '724 patents, which is relevant to both the "joint inventorship" and contractual ownership claims; whether

the Board of Regents concealed key information or made false representations regarding the patents such that the Board should be barred from raising its defenses; and what Sandoz Agro/BASF knew regarding the University's patent applications, and when it knew it. Perhaps most basic, the parties have presented their claims in such a way that the court, at this point, simply does not understand the science used in developing the technologies that became the patents at issue, making impossible any determination regarding who "invented" and/or "developed" the technology in dispute.[1]

Accordingly,

IT IS ORDERED that the parties' motions for summary judgment (filings 402, 405, 414, 416) are denied.

October 21, 2008.            BY THE COURT:
                             s/ *Richard G. Kopf*
                             United States District Judge

---

[1] The parties are hereby warned that sometime after the final pretrial conference, but before trial, they may be ordered to confer with each other and produce a joint, simple, clear, and ***concise*** written document that outlines every issue, claim, and defense remaining for disposition in this case.